### IRENE GOLDBERG *v.* AUREA RODRIGUEZ

SUPERIOR COURT HOUSING SESSION
JUDICIAL DISTRICT OF HARTFORD FILE NO. SP-H-8208-15668 HD
NEW BRITAIN AT HARTFORD

Memorandum filed October 5, 1982

*Gersten & Gersten,* for the plaintiff.
*David Pels,* for the defendant.

MALONEY, J. In this case, the plaintiff seeks to terminate a week to week tenancy for nonpayment of rent. The notice to quit was served on June 23, 1982, on account of rent due and unpaid as of June 10.

In her motion to dismiss, the defendant argues that the tenancy which encompassed the week of June 10, 1982, had already expired before the notice to quit was served and, therefore, the notice was ineffective. The defendant's theory is based on the line of cases involving monthly tenancies beginning with *Welk* v. *Bidwell,* 136 Conn. 603, 73 A.2d 295 (1950), and followed by this court consistently in such cases. The effect of that doctrine is that the notice to quit in the case of a monthly tenancy, where the complaint is for nonpayment of rent, must be served during the month when the defendant is delinquent. The grace period of nine days for payment, as provided in General Statutes § 47a-15a, has been interpreted as nullifying any notice to quit which is served before the tenth day of the month.

This combination of case law and statute poses no hardship on the landlord who wishes to evict the defaulting monthly tenant. But the landlord of a weekly tenant is caught in a perfect catch-22 box. He cannot wait out the grace period of nine days because that will by definition extend beyond the expiration of the weekly lease. Accordingly, the *Welk* v. *Bidwell* doctrine,

if adhered to in cases involving weekly tenancies, will completely deprive landlords of the right to bring summary process actions for nonpayment of rent. We do not believe that such a result is good law or good policy. Rather, we believe that *Welk* v. *Bidwell* and its descendants should be limited to their facts, the most salient of which for our purposes in this case is that they involved month to month tenancies. In the case of weekly tenancies, the doctrine of those cases collides head on with General Statutes § 47a-15a. That section provides, in full, as follows: "If rent is unpaid when due and the tenant fails to pay rent within nine days thereafter, the landlord may terminate the rental agreement in accordance with the provisions of sections 47a-23 to 47a-23b, inclusive."

This statute unequivocally gives the landlord the right to proceed after rent has been delinquent for nine days. There is no exception provided therein for weekly tenancies. We do not believe one was intended.

The motion to dismiss is denied.