TOBY MESSINGER *v.* ANDREW LAUDANO ET AL.
(3373)

HULL, DALY and NIGRO, Js.

Argued March 22—decision released May 28, 1985

*F. Woodward Lewis, Jr.,* for the appellants (defendants).

*Leonard H. Cheerman,* for the appellee (plaintiff).

NIGRO, J. This is an appeal by the defendants from a judgment granting immediate possession to the plaintiff landlord in a summary process action. The defendants claim that the trial court erred in determining that the notice to quit in this case was effective to establish jurisdiction. The defendants also allege that the notice, procedure and order of the court for "use and occupancy" payments were in error.

The defendants occupied an apartment on a month-to-month tenancy. On March 30, 1984, the plaintiff caused a notice to quit for nonpayment of the March rent to be served upon them. The notice directed the tenants to vacate the apartment on or before April 9, 1984. When they failed to do so, this summary process action was begun.

The defendants contend that this notice was ineffective to afford the court jurisdiction because it was served less than eight days before the end of the month,

and the quit date of April 9th did not prevent a new month-to-month tenancy from arising on the first day of April.

This is a strained reading of the summary process provisions of General Statutes §§ 47a-23 and 47a-23a.[1] While it is true that a notice to quit based on nonpayment of rent in a month-to-month tenancy must be served in the month of nonpayment to be effective; *Goldberg* v. *Rodriguez,* 40 Conn. Sup. 4, 5, 478 A.2d 628 (1982); neither the statutes nor case law requires that the date of service of the notice and the time specified in the notice for the occupants to quit possession must be in the same month to establish jurisdiction for summary process.

A notice to quit may serve several functions: (1) as an unequivocal manifestation by the lessor that he terminates the rental agreement; *Bushnell Plaza Development Corporation* v. *Fazzano,* 38 Conn. Sup. 683, 686, 460 A.2d 1311 (1983); (2) as an indication that any holding over by the tenant after the expiration of the monthly tenancy will not be acquiesced in by the lessor; *Welk* v. *Bidwell,* 136 Conn. 603, 607–608, 73 A.2d 295 (1950); and (3) as compliance with the statutory requirement that a period of eight days pass between the termination of the agreement and the bringing of a summary process action. General Statutes § 47a-23a; *Hour Publishing Co.* v. *Gorez,* 5 Conn. Cir. Ct. 419, 421,

---

[1] General Statutes § 47a-23 (a) provides in pertinent part: "When . . . the owner or lessor . . . desires to obtain possession or occupancy . . . at the termination of the rental agreement or lease, if any, or at any subsequent time, he . . . shall give notice to the lessee or occupant to quit possession . . . at least eight days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy."

General Statutes § 47a-23a (a) provides, in pertinent part: "If, at the expiration of the eight days the lessee or occupant neglects or refuses to quit possession or occupancy . . . any commissioner of the superior court may issue a writ, summons and complaint [for summary process]."

254 A.2d 919 (1968). The phrase "at least eight days before the termination of the rental agreement" is designed to prohibit a quitting date and consequent summary process action prior to the expiration of a lease term. General Statutes § 47a-23 (a); see also *Hour Publishing Co.* v. *Gorez,* supra. The present notice to quit served as a proper basis for jurisdiction. See *Vogel* v. *Bacus,* 133 Conn. 95, 98, 48 A.2d 237 (1946); *O'Keefe* v. *Atlantic Refining Co.,* 132 Conn. 613, 622, 46 A.2d 343 (1946); *Webb* v. *Ambler,* 125 Conn. 543, 552–53, 7 A.2d 228 (1939).

On April 27, 1984, the plaintiff filed a motion for use and occupancy payments to be paid into court. At a hearing on May 4, 1984, the court found the amount of $400 per month to be the fair rental value and later notified the parties that deposit should be made on or before May 11. On that date, the defendants deposited into court the amount of $93.34, rather than the $400 ordered. On May 21, the clerk ordered the defendants to file their answer on May 25, which was done. Because the motion for payment into court was not printed on a short calendar, the defendants claim they were deprived of constitutionally sufficient notice. The defendants further claim that they should not have been directed to file their answer because the amount they deposited with the court on May 11, according to their determination, was all of the $400 that had "accrued" from the date of the order.

General Statutes § 47a-26b gives notice to the parties that a hearing on the motion for use and occupancy payments must be held not less than three nor more than seven days after the motion is filed. In this case, the hearing was held on the last day authorized by the statute, the defendants were heard and no claim has been made that the amount ordered was unreasonable. When the defendants elected to comply with the court order as they chose to interpret it, rather than with

its clear mandate, the clerk had no alternative but to direct the filing of an answer. Since pleadings in summary process cases are to advance every three days, the defendants have suffered no harm in being required to file an answer almost one month after their appearance in this action.

There is no error.

In this opinion the other judges concurred.