[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION TO DISMISS
The plaintiff brought the present summary process action claiming that the defendant had failed to pay the rent due June 1990. On June 25, 1990, the plaintiff served by its sheriff a Notice to Quit requiring the defendant to quit possession by July 10, 1990 for the reason of nonpayment of rent.
The notice was a printed form so that the plaintiff needed only to fill in appropriate information such as name, address CT Page 2234 and dates. At the bottom of the notice in the same printed format and highlighted by being placed in a double lined box was the statement:
 Be sure payment of your rent plus charges, is in our office before the expiration date of this notice; otherwise the second legal notice will be served.
In addition to this printed notice, stamped on the document was the instruction that:
 any further payments received will be accepted and used for use and occupancy only and will not reinstate any lease agreement.
On August 23, 1990 the defendant filed a Motion to Dismiss alleging that the Notice to Quit was defective in that it "invites reinstatement of the lease" and that it was not served within the proper time. The latter issue, the timeliness of the notice will be addressed first.
The defendant argues that as the expiration date was to occur in the month of July 1990, it could not apply to an eviction for nonpayment of rent for June 1990. The case of Tehrani v. Century Medical Center, 7 Conn. App. 301 (1986) cited by the defendant does not stand or the proposition that the notice to quit must be served and expire in the same month. Rather, it reaffirms the proposition that the Notice to Quit must be served in the month for which the nonpayment is alleged. Id., 305. Messinger v. Landano, 4 Conn. App. 162, 163 (1985). Indeed the factual situation of Messinger vis-a-vis the service in one month and the expiration in another month is the same as in the present case. Defendants' Motion request to Dismiss on this ground is denied.
The other basis for the motion is that the Notice to Quit is equivocal. A notice to quit must be "an unequivocal manifestation by the lessor that he terminates the rental agreement. Messinger, supra 163, citing Bushnell Plaza Development Corporation v. Fazzano, 38 Conn. Sup. 683, 686
(1983). In Cooper v. Levin, No. SP-H-8309-20430 (October 11, 1983) (H 471) Aronson, J. found that the addition of the language "if $550.00 cash is not received by August 19, 1983. . . I may start an eviction against you" was an equivocal act. In the present case, the printed boxed notice states that if the rent is not received by the expiration date, a second legal notice will be served. The corollary to that is that if the rent is paid, the Notice will not be served. The court believes that this can only mean that the proceeding will go no further if the CT Page 2235 rent is paid.
The court further notes that the printed statement uses the word "rent" and clearly invites payment thereof. The acceptance of rent after a forfeiture waives that forfeiture and creates or accepts a new tenancy. Tuttle v. Martin, 32 Conn. Sup. 297,299 (1975). Campbell v. LaBoy, No. SPH-8406-23844 HD (December 14, 1984) (H-591). This, of course, must be balanced with the stamped notation that any payment will be use and occupancy and not reinstate the lease. The two statements clearly contradict each other and they are, needless to say, confusing. The printed statement is both highlighted and more legible than the stamped statement. The notice is equivocal and thus, invalid. The Motion to Dismiss is accordingly granted.
Berger, J.