[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
I.
INTRODUCTION
On or about March 30, 1990, the plaintiff leased the subject premises at 3-5 Glenn Road, East Hartford to the defendant for a year term. The lease was entered into under the Section 8 housing program. (42 U.S.C. § 1437 et. seq. ) See generally, Manchester Garden Associates v. Demirgian, H7907-0299, Spada J., (December 17, 1979) (H-150). On or about November 16, 1990, the plaintiff served a four page Notice to CT Page 2803 Quit on the defendant terminating the tenancy for allegedly five different reasons and ordering the defendant to vacate on or before December 1, 1990. On or about December 7, 1990, the Plaintiff commenced the instant suit seeking possession with five counts. On January 8, 1991, the defendant filed a Motion to Dismiss Counts Two, Four and Five. Count Two is alleged to be defective for its failure to comply with 24 C.F.R. § 882.215 (c). Count Four is alleged to be improper for its failure to be clear and unambiguous. Finally, Count Five is claimed to be invalid for its non compliance with CGS 47a-23 (a).
 II.
Discussion
 A.
A notice to quit must be "an unequivocal manifestation by the lessor that he terminates the rental agreement," Messinger v. Laudano, 4 Conn. App. 162, 163 (1985), citing Bushnell Plaza Development Corporation v. Fazzano, 38 Conn. Sup. 683,686 (1983). "The tenant must not be forced to guess the actual reasons for the summary process action." Bushnell Plaza Development Corp. v. Brett, SPH 8501-26883 HD, Goldstein, J. (May 15, 1985) (H-650). A proper notice to quit requires specific information. See, Jefferson Garden Associates v. Greene, 202 Conn. 128, 143 (1987); Almagro v. Jackson, SPH 9003-54901 (Sept. 28, 1990) (H 929). Obviously, service of a legally sufficient Notice to Quit is a condition precedent to bringing a summary process action. Webb v. Ambler, 125 Conn. 543,552 (1939).
The defendant is not challenging Count One (nonpayment) and Count Three (never had a right or privilege to occupy against defendant Greg Lamoureux only).
 B.
Count Two seeks possession in accordance with both the lease addendum (H(1) (111) and (2)) and the Housing Voucher Contract (8(A)(3)) for alleged good cause. Specifically, the plaintiff cites (a) a business reason "involving the renovation, rehabilitation, remodeling, repair or improvement of the unit; (b) a desire to utilize the unit for personal or family use or for a purpose other than a residential rental unit; (c) the desire to raise the rent and (d) the defendant's family history of disturbance of neighbors, destruction of property or of living or housekeeping habits resulting in the damage to the unit." Reasons a, b and d are essentially verbatim to H(2) (ii), (iv) and (v) of the addendum and 24 C.F.R. CT Page 2804 887.213(b)(1). Reason c is part of the business or economic reason. In this count alone, the plaintiff has listed a myriad of reasons. Does the plaintiff wish to renovate or simply repair the unit? Does the plaintiff intend on using it for family reasons or to lease to someone else at a higher rent? Has the defendant or her family disturbed the neighbors, destroyed the property or is it her living habits that have caused destruction? This court recognizes that the plaintiff has copied the exact language of the contract. In doing so, however, the plaintiff has overlooked the purpose of the Notice. Rather than being clear, it is prolix. The court also notes that reasons a, b, and c are not sufficient grounds for the termination of a tenancy as "other good cause" in the first year. 24 C.F.R. § 887.213 (b)(2).
 C.
Count Four, based on reason four of the Notice to Quit presumably alleges that the lease is terminated due to a violation of local law. The exact language of the Notice is:
 (4) TERMINATION OF LEASE AND/OR TENANCY BY REASON OF AN EXPRESSED STIPULATION THEREIN DUE OR PURSUANT TO AND/OR IN ACCORDANCE WITH PARAGRAPH 8(A)(2) OF THE HOUSING VOUCHER CONTRACT AND PARAGRAPH H(1) (ii) OF THE WRITTEN LEASE ADDENDUM FOR "VIOLATION OF FEDERAL, STATE, OR LOCAL LAW WHICH IMPOSES OBLIGATIONS ON A TENANT IN CONNECTICUT WITH THE OCCUPANCY OR USE OF THE DWELLING UNIT AND SURROUNDING PREMISES".
The corresponding language of Count Four, paragraph four states, in part,
 The plaintiffs terminated said lease and/or tenancy by reason of an expressed stipulation therein due or pursuant to and/or in accordance with paragraph 8(A)(2) of the Housing Voucher Contract and Paragraph H(1) (ii) of the written Lease Addendum for violation of Federal, State, or Local law which imposes obligations on a tenant in connection with the occupancy or use of the dwelling unit and surrounding premises, . . . .
After reasons four and five in the Notice to Quit, the landlord has reprinted almost all of CGS 47a-11, Tenant Responsibilities. Additionally, the landlord has reproduced the definition of serious nuisance as found in CGS 47a-15.
The plaintiff commenced this list with the introductory CT Page 2805 phrase "You have violated. . . ." Thus, perhaps this court should assume that the federal, state, or local law violated in reason four is CGS 47a-11. The problem is, however, that the list of tenant duties appears after reason five and that reason specifically mentions CGS 47a-11. Additionally, the plaintiff has fallen into the same trap here as in reason two by repeating the statutory language in toto without focusing on a particular alleged improper act. It is possible that a tenant could have violated every subsection of CGS 47a-11. However to simply copy the statute and indicate "you have violated" it does not comply with the Bushnell Plaza v. Brett, supra, rule.
The court further notes that simply alleging a violation of CGS 47a-11 is not sufficient. CGS 47a-15 requires a noncompliance notice ("Kapa" notice) to be delivered to the tenant so that the tenant may remedy any alleged breach. Kapa Associates v. Flores, 35 Conn. Sup. 274 (1979). There is no indication that a Kapa notice was issued for any CGS 47a-11
violation and thus the count based on this must fail. Parkridge Apartments v. Mc Gann, SPH 8408-24518, Aronson, J., (Sept. 26, 1984) (H-571). The Kapa notice, of course, is not required for serious nuisance. CGS 47a15.
 D.
Count Five, based on reason five, alleges a violation or a material noncompliance with CGS 47a-11 for conduct which constitutes a serious nuisance. As previously noted, the section of the statutes was reproduced by the plaintiff. Section 47a-15 defines serious nuisance as essentially inflicting bodily harm, threatening to inflict bodily harm substantial and willful destruction, conduct that presents a danger to the safety of other tenants or the landlord and using the premises for the sale of drugs or prostitution. CGS47a-11 only refers to serious nuisance in the penultimate sentence. Thus other violations of 547a-11 do not constitute serious nuisance.
After the recitation of the statute, the landlord finally lists the alleged violations:
 Specifically, you are allegedly: (1) turning or shutting off the furnace for the property in which the premises are located, thereby resulting in a lack of heat and/or hot water for your apartment as well as the apartment, dwelling unit and/or premises occupied by your neighbors, tenants and/or other occupants of the property in which the premises are located, thereby interfering with and/or disturbing their CT Page 2806 peaceful enjoyment of the premises and creating an immediate and serious danger to their health and safety; (2) allowing or intentionally causing damage to, ripping or tearing apart, and/or otherwise disconnecting the clothes dryer vent belonging to the first (1st) floor tenants and/or occupants of the property in which the premises are located, thereby interfering with and/or disturbing their peaceful enjoyment of the premises; (3) making loud noises or sounds during the day and/or night thereby disturbing your neighbors and/or other tenants' or occupants' peaceful enjoyment of the premises; (4) breaking the glass of the window(s) in your apartment, the premises and/or the property in which the premises are located; and (5) using the premises known as 3-5 Glenn Road (Second (2nd) Floor East Hartford Connecticut 06118 for the illegal sale of drugs.
Certainly it could be argued that these are serious violations. One, two, four and five fall within the definition of serious nuisance. Reason three, making loud noises does not. The problem with the Count Five reasons is similar to that for Count Four: It is not clear, unambiguous and specific. Is the serious nuisance the violations of subsections 1-7 of CGS47a-11 which "you have violated" or those listed later, or both. Certainly, the plaintiff cannot be faulted for providing too little information. See, Housing Authority v. Schub, SPH 8010-8299, Spada J., (December 15, 1980) (H-262). Rather, the problem is too much information. By this, the court does not mean that the plaintiff is precluded from pleading alternative theories or providing more than one reason to justify terminating a tenancy. Harrison v. Milling, SPH :402-22417, Aronson J., (April 6, 1984) (H-537). Rather, the notice must be clear. If only the reasons referred to above as specific violations were listed, reason five and Count Five might survive (although it could be argued that more specifics are needed for each of the reasons). It should not, however, require a layer or a judge to interpret what the notice means. This is where the plaintiff fails and this is why the Motions to Dismiss counts Two, Four and Five must be grated
BERGER, J.