[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I.
INTRODUCTION
The instant Motion to Dismiss concerns plaintiff's somewhat unconventional use of a notice to quit. On or about January 15, 1991 the plaintiff caused a notice to suit to be served on the defendants for failure to pay rent due under the lease. When the defendant did not vacate on January 25, 1991, pursuant to the notice, a lawsuit was commenced on January 28, 1991. A Motion to Dismiss was filed on February 8, 1991 and a memorandum of opposition was filed by the plaintiff dated March 1, 1991. Meanwhile, on or about February 13, 1991, the plaintiff sought a use and occupancy order which entered on March 4, 1991 requiring the defendants to pay $1800.00 per month into the registry of the court. The motion to dismiss was granted on March 5, 1991 for plaintiff's failure to comply with certain sections of its lease.
While the above matters were pending, the plaintiff served a second notice to quit dated February 21, 1991 ordering CT Page 4055 the defendants to vacate by March 5, 1991 on the grounds of nonpayment of rent. On March 7, 1991, two days after the first case was dismissed, the plaintiff filed the instant matter based on the February 21, 1991 notice to quit. On April 1, 1991, the plaintiff filed a motion for use and occupancy and on April 4, 1991, the defendants filed the instant motion to dismiss.
 II
Discussion
A notice to quit must be "an unequivocal manifestation by the lessor that he terminates the rental agreement" Messinger v. Laudano, 4 Conn. App. 162, 163 (1585), citing Bushnell Plaza Corporation v. Fazzano, 38 Conn. Sup. 683, 686
(1983). "The tenant must not be forced to guess the actual reasons for the summary process action." Bushnell Plaza Development Corp. v. Brett, SPH 8501-26883 HD, Goldstein, J. (May 15, 1985) (H-650). A proper notice to quit requires specific information. See, Jefferson Garden Associates v. Greene, 202 Conn. 128, 143 (1987); Almagro v. Jackson, SPH 9003-54901 (Sept. 28, 1990) (H 929). Obviously, service of a legally sufficient Notice to Quit is a condition precedent to bringing a summary process action. Webb v. Ambler, 125 Conn. 543,552 (1939).
 B.
Defendant argues that the first notice to quit terminated the lease and that on February 21, 1991 with the first summary process action pending there was no lease extant to terminate. Plaintiff argues that as the first notice to quit was held invalid, it was ineffective to terminate the lease. See Bridgeport v. Barbour-Daniel Electronics Inc.,16 Conn. App. 574, 579-584 (1988). This case, however, differs from Bridgeport because in that case no action was commenced on the first notice to quit. The parties in Bridgeport recognized that the first notice was not timely served and thus could not be the basis of a summary process action. In this case, an action was commenced and pending when the second notice to quit was served. One could argue that the plaintiff was simply being overly cautious in serving a new notice to quit after receiving the motion to dismiss in the first case. But, unlike the plaintiff in Bridgeport where it acknowledged that the first notice was invalid and of no effect, the plaintiff herein opposed the first motion to dismiss arguing the validity of the first notice. Try as the plaintiff might, it can not have it both ways: it cannot argue that it properly terminated the lease while at the same time take actions which are clearly CT Page 4056 contradictory. The service of the second notice to quit, if nothing else, affirms the existence of the tenancy prior to the service of the notice. The court notes that it was not advised of the second notice at the argument on the first motion to dismiss.
 C.
The court agrees with the plaintiff that the net affect of the dismissal of the first case (or for that matter the service of the second notice) renders the first notice invalid. It did not terminate the tenancy, Bridgeport, supra, 584. Yet the court believes the second notice is likewise invalid. As mentioned, the notice must be an "unequivocal manifestation", Messinger v. Laudano, supra. This court has serious doubts about the second notice meeting that test. All of the plaintiff's actions suggested that the tenancy had been terminated. Indeed, the plaintiff filed a motion for use and occupancy on February 13, 1991, expressly acknowledging that the tenancy was terminated and that no rent could be due — only use and occupancy. Thus, having been advised that the tenancy no longer exists and that an eviction action is pending, the tenant is then told that the lease is again terminated and to move out by a date in March or an eviction action will be started. The defendant thus argues that while the second notice to quit may appear to be valid, it is clearly confusing and, taken together with the first notice, perhaps equivocal. The landlord's approach was clearly novel — perhaps ingenious — but he spoke with a forked tongue. He cannot on the one hand argue that the tenancy was terminated and on the other hand argue that it was still in effect. The landlord could have withdrawn his first case, or acknowledge the defect in the first notice to quit but he chose not to follow this path. The second notice was prematurely served and is thus invalid. The motion to dismiss is granted.
BERGER, J.