[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
In this summary process action, the defendant filed a Motion to Dismiss claiming the notice to quit is defective.
The parties entered into a written lease dated March 15, 1991. Paragraph 2 of the lease provides that the "term shall be on a month to month basis" and that the Landlord will give the tenant sixty days notice to vacate the premises. On November 7, 1991, the plaintiff issued a notice to quit directing the tenant to vacate on or before January 12, 1992. Although January 12 is a date which satisfies the sixty day period, the defendant claims that the court lacks subject matter jurisdiction because the notice to quit was defective, a new month-to-month tenancy having been created on January 1, 1992.
The issuance of a valid notice to quit is the unequivocal act which terminates a tenancy. Messinger v. Laudano, 4 Conn. App. 162,163. Upon its service the tenancy at will is converted to a tenancy at sufferance. Bushnell Plaza Development Corporation v. Fazzano, 38 Conn. Sup. 683, 686. Therefore no new tenancy arose in December or in January. Furthermore, the lease did not state that notice would be given sixty days before termination of the lease, but sixty days before the vacating of the premises. Therefore, the motion to dismiss on the grounds of a defective notice to quit is denied.
The court, sua sponte, queried whether or not failure to use the correct summons prevented the court from having subject matter jurisdiction. On October 1, 1991 summons form JD-HM-32 New 7-91
became the proper summons for summary process actions in place of J.D.-C.V.-1. The new form differs from J.D.-C.V.-1 in two significant ways. In the upper right hand corner of the new form, there is a printed notice to occupants not named in the summons suggesting they complete a claim of exemption form. Under notice to each defendant, explanations and directions are given as to the CT Page 1873 procedures to be followed by the defendants in summary process actions. While it is true that J.D.-C.V.-1 does not provide such precise instructions, the use of the new form does not prevent the court from taking jurisdiction of those actions it is competent to entertain. The court entertains those cases where judgment enters in connection with named parties. If an unnamed occupant later files a claim for exemption, the entire action is not nullified for want of that individual. The earlier judgment is not vitiated.
In Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, the Court found that the use of an improper form to commence an appeal was sufficient for jurisdictional purposes as long as it contained a proper citation and the signature of a competent authority, apprised all concerned that a lawsuit was being instituted, indicated a return date, stated the requirement of filing an appearance, and directed competent authority to summon the defendant. (at 356-357). The court said, "(A)bsent an affirmative showing of prejudice by the defendant" the use of the mistaken form does not merit dismissal. See also Conn. Gen. Stat. section 52-123.
For the foregoing reason the Court does not dismiss the action herein.
LEHENY, J.