[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The main issue to be decided by this Motion to Dismiss is whether or not there is a grace period for rent payments in an oral commercial tenancy. There appears to be no Housing Session or appellate Court decision on this subject in Connecticut.
In addition the defendant raises two other issues in the Motion to Dismiss; (1) the notice to quit date is invalid because the quit date was in the period of time of the elapsed tenancy, i.e demanded the tenant to vacate before the lease expired, and (2) the notice to quit does not state as a reason "lapse of time" and this court does not have subject matter jurisdiction of a complaint seeking an eviction based on "lapse of time."
FACTS
On or about September 1990 the plaintiffs, Brian Karwosky and Deborah A. Karwosky, entered into a written lease for the premises owned by them at 15 Ryan Street, Stamford, Connecticut with the defendant, Gregory Christofakis. The defendant conducted his auto repair business under the name of Greg's Auto Body and Collision at that location. The lease expired in accordance with its terms. The defendant thereafter occupied the premises under an oral month to month lease at the rate of $1400.00 per month payable on the first day of each month.
On June 1, 1995 the defendant failed to pay the $1400.00 rent to the plaintiffs. On June 2, 1995 the plaintiffs caused a written notice to quit to be served on the defendant to quit CT Page 9914 possession of the premises on or before June 10, 1995. The reason set forth in the notice to quit is "you have failed to pay rent when due for commercial premises for the month of June, 1995." The defendant failed to vacate the premises and this instant lawsuit was filed.
The September 1990 lease was not presented to the court although the defendant did file an affidavit stating that the terms of the lease provided for "a standard grace period of nine days." The defendant further is claiming that the parties are currently operating under an oral month to month lease which includes a standard grace period of nine days. The defendant further claims that the custom and practice of the plaintiffs was to accept a late payment of rent. The defendant's affidavit further states that on June 6. 1995 the defendant paid June's rent.
The notice to quit stated "any payments tendered after service of the Notice to Quit would be accepted as reimbursement for costs and attorneys fees and for use and occupancy of said premises only with a full reservation of rights to continue the eviction action." Brian Karwosky's affidavit states (1) that the lease expired in 1992, (2) that plaintiffs tendered a new lease to the defendant but the new lease was never signed, and (3) since 1992 the parties have been operating on an oral month to month tenancy with $1400.00 monthly rent due on the first day of each month. Mr. Karwosky's affidavit also states "there is no grace period for the payment of rent under our oral month to month lease."
DISCUSSION OF LAW
A Motion to Dismiss shall be used to assert the lack of jurisdiction over the subject matter. Southport ManorConvalescent Center. Inc. v. Foley, 216 Conn. 11, 12 (1990). A defective notice to quit deprives the court of subject matter jurisdiction and is a condition precedent to a summary process action. Lampasona v. Jacobs, 209 Conn. 724, 730 (1989). When deciding a motion to dismiss the court's "inquiry usually does not extend to the merits of the case." Southport ManorConvalescent Center, Inc. v. Foley, supra 16. "The motion to dismiss . . . admits all well pleaded facts . . . the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins,191 Conn. 222, 227 (1983). Every presumption favoring jurisdiction should be indulged. Connecticut Light and PowerCT Page 9915Co. v. Costle, 179 Conn. 415, 421 (1980). In deciding a motion to dismiss the court cannot consider any evidence outside the record but it can consider the pleadings, evidence, and affidavits offered in support of the motion to dismiss.Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54 (1985).
Summary process actions are statutory and must be strictly construed. Jo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598,600-601 (1953). If lapse of time is a reason used by the plaintiff in their complaint, the notice to quit must contain lapse of time as a reason in order to comply with the statute.Connecticut General Statutes § 47a-23 (a)(1)(A), §47a-23(b) Jefferson Garden Associates v. Greene, 202 Conn. 128,143 (1987). Failure to include a reason in a notice to quit prevents the plaintiff from relying on that reason in the complaint. Webb v. Ambler, 125 Conn. 543, 551-552 (1939);Rosato v. Keller, 5 CLT 325 page 118. A complaint seeking summary process which is not supported by a notice to quit stating the same reason deprives the court of subject matter jurisdiction. Marrinan v. Hamer, 5 Conn. App. 101, 104 (1985);Windsor Properties v. The Great Atlantic and Pacific Tea Company35 Conn. Sup. 297, 301 (1979).
Connecticut General Statutes § 47a-23 provides for a notice to quit to be issued in both residential and commercial evictions. Mayron's Bake Shops, Inc. v. Arrow Stores. Inc.,149 Conn. 149, 151, 156 (1961); Connecticut General Statutes §47a-23(a)(1)(D) and § 47a-23 (a)(1)(E). There is a statute giving a tenant nine days grace period to pay rent. "If rent is unpaid when due and the tenant fails to pay rent within nine days thereafter or, in case of a one-week tenancy, within four days thereafter, the landlord may terminate the rental agreement in accordance with the provisions of § 47a-23 to § 47a-23b, inclusive" Connecticut General Statutes § 47a-15a. The provisions of Connecticut General Statutes § 47a-1, through§ 47a-20a apply to residential premises only. S.H.V.C. Inc. v.Roy, 37 Conn. Sup. 579, 585 (1981). There is no other statute in the State of Connecticut providing a grace period. There is no statutory grace period for payment of commercial rents.
Five clear days must be provided by the service of the notice to quit; "at least five days before the termination of the rental agreement or lease." Connecticut General Statutes§ 47a-23(a); Pander v. French, 1 Conn. Cir. 205, 210 (1965);HourPublishing Company v. Gorez, 5 Conn. Cir. Ct. 419, 421 (1968). CT Page 9916 There is no requirement in the notice to quit statute that the date upon which the tenant must vacate shall be within the month that the nonpayment took place. There is a requirement that the service of a notice to quit for nonpayment must be made within the month of nonpayment in a month to month tenancy whether it be commercial or residential premises. Goldberg v. Rodriguez,40 Conn. Sup. 4, 5 (1982). That requirement was changed concerning month to month residential tenancies by ConnecticutGeneral Statutes § 47a-23(d). A notice to quit for month to month residential evictions only may be served and delivered in the month after the month in which the rent is alleged to be unpaid. Connecticut General Statutes § 47a-23(d). This rule does not apply to commercial tenancies. "Neither the statutes nor case law require that the date of service of the notice and the time specified in the notice for the occupants to quit possession must be in the same month to establish jurisdiction for summary process." Messinger v. Laudano, 4 Conn. App. 162,163 (1985).
CONCLUSION
The defendant is claiming three reasons for the granting of the motion to dismiss; 1) the notice to quit is invalid in that it was served before the rent was nine days overdue, 2) the complaint is based upon a reason not set forth in the notice to quit, i.e. lapse of time, and 3) the notice to quit is invalid in that it demanded that the defendant move from the premises before the lease expired. The first reason will require more substantial discussion. Therefore the next three paragraphs will deal with the second and third reasons.
The second reason is that the complaint is based upon a reason not set forth in the notice to quit. The complaint is based solely on nonpayment of rent for the month of June of 1995. The notice to quit is based solely on the failure to "pay rent when due for commercial premises for the month of June of 1995". That reason is a valid statutory reason. ConnecticutGeneral Statutes § 47a-23(a)(1)(E). The defendant misreads the complaint as setting forth lapse of time. No such claim is clearly alleged in the complaint. In the event that the plaintiff does proceed on "lapse of time" this court would not have subject matter jurisdiction to entertain lapse of time as a reason for eviction since the notice to quit contains as its only reason, nonpayment. Jo-Mark Sand and Gravel v. Pantanella,
supra 600. Connecticut General Statutes § 47a-23(a)(1)(E) The CT Page 9917 motion to dismiss is denied on that ground.
The third reason given for the motion to dismiss is that the notice to quit did not contain a quit date that was in the period of time of the elapsed lease. Nonpayment of rent is a violation of the tenant's obligation under a month to month tenancy. The violation of the tenant's obligations under the lease does not void the lease but gives the option to the landlord to terminate the lease by some unequivocal act.Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627, 631 (1985). The defendant by not paying the rent when due was in default of the terms of the lease and the lease terminated by the unequivocal act, i.e. the service of the statutory notice to quit. ChapelHigh Corporation v. Cavallaro, 141 Conn. 407, 411 (1954). Therefore the quit date, by operation of law, must always be beyond the effective term of the lease.
The defendant failed to produce any authority indicating that a notice to quit for nonpayment in the month of June 1995 in a month to month tenancy beginning on June 1, 1995 deprives the court of subject matter jurisdiction when the quit date is June 10, 1995. The authority is to the contrary. Messinger v.Laudano, supra 163. Charney v. McKinney, NH-19, January 11, 1982, (Foti, J.) is not on point since it dealt with a lapse of time eviction. Welk v. Bidwell, 136 Conn. 603 (1950), also cited by the defendant was not an eviction action and turned on contract law. "Where there has been no meeting of the minds there is no contract." Welk v. Bidwell, supra 607. Neither case supports the defendant's claim. The motion to dismiss on that ground must be denied.
The third and most important reason for the motion to dismiss is "the notice to quit is invalid, in that it was served before the rent was nine days overdue." The defendant supports this claim by three arguments: 1) There is a nine day grace period under Connecticut General Statutes § 47a-15(a), 2) there is a oral agreement between the parties requiring and permitting a nine day grace period consistent with the nine day grace period set forth in the written lease which expired in 1992, and 3) a 1986 decision of the Appellate Court holds that there is a nine day grace period in a commercial lease setting.
1). There is no statutory grace period for a commercial tenancy. Connecticut General Statutes § 47a-15a applies only to residential tenancies. S.H.V.C. v. Roy, supra 585. The motion CT Page 9918 to dismiss must be denied on that argument.
2). In a motion to dismiss the court cannot accept any evidence outside the record and must not decide the merits of the case. Standard Tallow Corp. v. Jowdy, supra 54. The defendant's motion to dismiss is a speaking motion to dismiss in that it attempts to dismiss the case by adding evidence which is not in the record. There was no testimony at the hearing on the motion to dismiss. The defendant could have offered evidence but chose to offer merely his July 24, 1995 affidavit. This affidavit conflicts with the facts set forth in the affidavit provided by the plaintiff. The purpose of a motion to dismiss is to determine subject matter jurisdiction and not to decide the merits of the case. Southport Manor Convalescent Center,Inc. v. Foley, supra 12. The court cannot resolve conflicting factual issues supported by conflicting affidavits in a motion to dismiss. Every presumption must be indulged favoring jurisdiction. Connecticut Light and Power v. Costle, supra 421 The court will leave to another day the issue of whether, under the facts of this case, there was an oral lease containing a nine day grace period. The motion to dismiss must be denied on this argument.
3). The third and final argument, the defendant claims, is supported by the case of Tehrani v. Century Medical Center,7 Conn. App. 301, 305 (1986). Tehrani, a commercial eviction in Norwalk, involved the valid exercise of an option to renew a commercial lease. The plaintiff alleged nonpayment of rent. Judgment entered for the defendant from which the plaintiff appealed. The Appellate Court rendered a decision finding no error.
The trial court found that the defendant tendered rent on September 26, 1984 prior to the service on the defendant of the notice to quit possession which notice required a quitting on the 10th day of the following month. The Appellate Court held as follows: "The nonpayment of rent does not, in itself, terminate the lease but gives the landlord the option to terminate the lease by some unequivocal act clearly showing the exercise of that option. A tender of rent after a breach of the covenant for its payment, but before a declaration of forfeiture by some unequivocal act by the landlord, precludes the landlord from thereafter completing a forfeiture of the lease. Mayron'sBake Shops Inc. v. Arrow Stores. Inc., 149 Conn. 149, 156,176 A.2d 574 (1961). The service of the notice to quit possession CT Page 9919 on October 10, 1984, was the plaintiffs' first unequivocal act notifying the defendant of the termination of the lease for nonpayment of the September rent." The court further found "the plaintiffs' refusal to accept the tender of rent excused the defendant from further production of the amount then due and barred the plaintiffs' right to claim a forfeiture of the tenancy on the basis of nonpayment of rent and to institute an eviction action on that ground." Tehrani v. Century MedicalCenter, supra 305.
This statement of law is well established and broke no new ground in the State of Connecticut. In the middle of those two quotes the Appellate Court inserted the following statement; "Although the defendant's attempt to pay the rent was not made until after the expiration of the statutory ten day grace period, it did precede the plaintiffs' exercise of their option to terminate the lease."[1]
This court determines that the reason for the trial court's decision and the sustaining of that decision by the Appellate Court had nothing to do with whether or not the statutory grace period for residential matters applies to commercial matters. The above quoted inserted sentence is pure dicta and is not binding on this court. The Tehrani trial court's decision, sustained by the Appellate Court, held that the defendant's tender of rent prior to the service of notice to quit was sufficient justification for a judgment in favor of the defendant. The defendant's third argument thus fails.
The defendant has failed to show any Housing Court decision, any appellate case or any other authority, statutory or otherwise, for the establishment of a grace period for rent in an oral commercial tenancy. This conclusion is supported by the reasoning of Goldberg v. Rodriguez, supra 4.Goldberg, a 1982 decision, involved a week to week residential tenancy when the statute only provided a nine day grace period. ConnecticutGeneral Statutes § 47a-15. The four day grace period for week to week tenancies was added in P.A. 89-254. Judge Maloney, sitting in the Housing Session at Hartford, held that the nine day grace period collides with weekly tenancies. Judge Maloney held that there was no grace period in a week to week tenancy. "There is no exception provided therein for weekly tenancies. We do not believe one was intended." Goldberg v. Rodriguez, supra 6.
This court holds that there is no grace period for rent CT Page 9920 payments in an oral commercial tenancy in the State of Connecticut.
The Motion to Dismiss is denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE