[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
In this commercial summary process action the defendant Niemur Medical Associates, P.C. moves to dismiss the action on the basis that the notice to quit is defective. The motion to dismiss alleges three grounds; (1) the notice to quit was not served within five days prior to the end of the month of the non-payment, (2) the notice to quit contained a misspelling of the defendant's name and (3) the defendant is a professional corporation and the corporate designation of P.C was not properly described in the notice to quit.
FACTS
CT Page 5247
The plaintiff as the owner of a commercial premises in Norwalk commenced this lawsuit against the co-defendant Mark and Associates. A notice to quit was issued requiring the defendant to vacate the premises known as 345 Main Avenue, Stores A and B, Norwalk Connecticut. After the service of the notice to quit as well as the writ, summons and complaint the plaintiff realized that the defendant, Niemur Medical Associates P. C., were also occupying the premises.
On February 29, 1996 the plaintiff served a notice to quit addressed to "Nieumur Medical Associates, 345 Main Avenue, Stores A and B, Norwalk, CT. 06851." The plaintiff's notice to quit required the defendant to vacate the premises on or before March 7, 1996 for the following reasons: "Non-payment of rent" and "Unauthorized occupancy." The defendant failed to vacate the premises and this lawsuit was commenced wherein the plaintiff claimed that the defendants were occupying the premises under a month to month tenancy beginning on the 1st day of each calendar month and terminating on the last day of the calendar month. The lawsuit alleged non-payment of rent and unauthorized occupancy.
DISCUSSION OF LAW
A defective notice to quit deprives the court of subject matter jurisdiction and a motion to dismiss is the proper method of bringing the lack of subject matter jurisdiction to the court's attention. Lampasona v. Jacobs, 209 Conn. 724, 728
(1989); Jefferson Gardens Associates v. Greene, 202 Conn. 128,143 (1987). The requirements of the notice to quit are established by statute, "shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, . . . at least five days before the termination of the rental agreement or lease. . ." Connecticut General Statutes § 47a-23(a)
The parties agreed that the premises is being occupied on a month to month tenancy for the purpose of the motion to dismiss. The motion to dismiss must consider the facts on the record and cannot consider any evidence outside the record unless offered in testimony. Standard Tallow Corporation v. Jowdy, 190 Conn. 48,56 (1983).
 THE NOTICE TO QUIT DOES NOT HAVE TO BE SERVED FIVE DAYS PRIOR TO THE END OF THE MONTH OF NON-PAYMENT
The notice to quit "is to be regarded as equally valid CT Page 5248 whether served at least ten days before the termination of the lease or at least ten days before the time specified in the notice for the lessee to quit possession." Hour Publishing Co.v. Gorez, 5 Conn. Cir.Ct. 419, 422 (1968); Hudson v. Kuszynski,12 Conn. Sup. 264, 265 (1943). (The statute then in effect required 10 days notice) The first and last terminal dates must be excluded in counting the current statutory five days.Messinger v. Laudano, 4 Conn. App. 162, 164 (1985); ConnecticutGeneral Statutes § 47a-23(a). The service of this notice to quit on February 29, 1996 with a quit date of March 7, 1996 complies with the statutory five days notice with the exclusion of the first and last terminal dates. There is no requirement in the statute that the notice to quit be served within five days prior to the end of the month of the non payment. Welk v. Bidwell,136 Conn. 603, 607 (1950); The defendant has not cited any case law supporting its position. Goldberg v. Rodriguez,40 Conn. Sup. 4, 5 (1982) confirmed that a notice to quit in a residential month to month tenancy must be served in the month of nonpayment, not five days prior to the end of the month. SeeConnecticut General Statutes § 47a-23(d) for a statutory modification.
 THE MISSPELLING OF NIEMUR AS NIEUMUR DOES NOT DEPRIVE THE COURT OF SUBJECT MATTER JURISDICTION
The general test used to determine the accuracy of the information contained in a notice to quit is as follows. "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." Jefferson Gardens Associates v. Greene,
supra 143. "When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson Gardens Associatesv. Greene, supra 145. The notice to quit statute itself was amended and states "the notice shall be in writing substantially in the following form" and "here insert the reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import." ConnecticutGeneral Statutes § 47a-23(b) One issue raised the Motion to Dismiss is can the defendant rightly understand that it was CT Page 5249 served with a notice to quit when the addition of one letter, the letter "u", has been added to the first part of its name.
Summary process cases regularly incorrectly spell the names of tenants. The legislature has permitted, when the tenant's names are not known, the use of the allegations of "John Doe, Jane Doe or some other alias which reasonably characterizes the person to be served". Connecticut General Statutes § 47a-23(b).
The misspelling of Clemons as Cleman was held to be in substantial compliance with the statute and was found to be a purely technical defect: "that purely technical defect will not deprive this court of subject matter jurisdiction." Garcia v.Cleman, NH-128, December 28, 1982 (Foti, J.), 1982 WL 195361
Defendant's counsel in arguing this motion to dismiss, offered no indication that the actual defendant was misled by the misspelling or that counsel was misled or prejudiced by the error. The defendant has failed to offer any case law supporting its argument. Equally so the defendant has failed to offer case law concerning its first claim on the motion to dismiss, that she bringing of the summary process action must occur within the same month of the non payment. Albini v. Syrosen, NH-267, September 5, 1984 (Barnett, J.) WL 255711. (Syrochen misspelled as Syrosen did not deprive the court of subject matter jurisdiction).
The misspelling of the defendants name by the adding the letter "u" does not render the notice to quit defective.
 THE NOTICE TO QUIT WAS NOT UNCLEAR OR UNEQUIVOCAL IN NAMING THE DEFENDANT WITHOUT THE UTILIZATION OF P.C.
A summary process action is a statutory action in derogation of the common law and in general should be strictly construed. Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598,600-01 (1953). Though this language has been tempered somewhat by Jefferson Garden Associates v. Greene and the recent modifications of the notice to quit statute by the legislature, strict construction rules are still alive in the State of Connecticut.
The Supreme Court in Lussier v. Department ofTransportation, 228 Conn. 343 (1994) had an opportunity to discuss the impact of the circumstantial defect statute,Connecticut General Statutes § 52-123, on the strict construction CT Page 5250 of a statutory action doctrine. Lussier involved a statutory highway defect claiming in violation of Connecticut GeneralStatutes § 13a-144. The caption of the complaint read "Paul B. Lussier, Jr. Administrator of the Estate of Gaye D. Lussier vs. Emil H. Frankel, Commissioner of Transportation of the State of Connecticut." The writ of summons listed the named defendant as the "State of Connecticut, Department of Transportation, by serving the Commissioner of the Department of Transportation, Emil H. Frankel, 24 Wolcott Hill Road, Wethersfield, CT 06109." Service of the complaint was made on an associate attorney general and the senior clerk of the office of the Commissioner Department of Transportation, State of Connecticut. A short time later counsel for the State of Connecticut, Department of Transportation entered a general appearance and moved to dismiss the complaint on the grounds that the action was barred both under the doctrine of sovereign immunity and because of defects in the required statutory notice. The defendant claimed that the plaintiff failed to name the Commissioner of Transportation as the defendant in the summons and thus had failed to sue the appropriate parties pursuant to § 13-144, a strict statutory action in derogation of sovereign immunity. The trial court dismissed the complaint.
The Supreme Court reversed because the Commissioner was named in the complaint, was identified as the responsible party, had received statutory notice and his office had accepted service of process. It concluded that the trial court improperly dismissed the complaint on the basis of the circumstantial defect in the summons. The court further concluded that it was evident that the plaintiff intended to sue the commissioner, there was no claim that the commissioner did not know he was the intended defendant nor that the commissioner was misled to his prejudice.
In the instant case there is no evidence that the defendant Niemur Medical Associates P.C. was misled. Their corporate agent was served with a writ, summons and complaint. The premises they occupy at 345 Main Street, Stores A and B Norwalk, Connecticut was served with a notice to quit pursuant toConnecticut General Statutes § 47a-23(c).
 Concept Associates Ltd. v. Board of Tax Review, 229 Conn. 618
(1994) reversed a long line of Appellate Court cases which held that a defective return day deprived the court of jurisdiction. Citing Connecticut General Statutes § 52-72, the CT Page 5251 Concept case held that such a defect can be corrected by a motion to amend. Connecticut General Statutes § 52-72 and §52-123 have both been treated by the Supreme Court as remedial statutes. "Over-technical formal requirements have ever been a problem of common law, leading the legislature at periodic intervals to enact statutes . . . which in substance, told the courts to be reasonable in their search for technical perfection." Concept Associates, Ltd. v. Board of Tax Review,
supra 623-624.
The Appellate Court in Brown v. Rosen, 36 Conn. App. 206,211, 122 (1994) states "we have often stated that we will not exalt form over substance." The Legislature has indicated a loosening of the strict construction rules by enacting the above referred to changes to the notice to quit statute. The Supreme Court in Jefferson Gardens v. Greene has confirmed this general trend and followed this trend in its decision in 1994 in ConceptAssociates and Lussier v. Department of Transportation.
Applying these rules to the facts of this case the court now turns to the consideration of the whether or not the designation of Niemur Medical Associates without its appellation as a corporation deprives the court of subject matter jurisdiction. There is no doubt that the proper identity of the defendant is "Niemur Medical Associates, P. C." All parties agree it is a professional corporation authorized to do business in the State of Connecticut. It is also agreed that "Neimur Medical Associates" without the P.C. designation was served with the notice to quit. Further there is no doubt in the minds of the plaintiff that Niemur Medical Associates, whether they be corporation identity or other form of legal entity, are the actual occupants of the commercial premises in question. "The identity of the defendant was originally and at all times the same in the mind of the plaintiff and the entity is one and the same whether it be a contractual entity (a partnership), an artificial entity (a corporation), or a personal entity (an individual); its name is the same and its liability is the same and enforceable by the same remedies" World Fire MarineInsurance Co. v. Alliance Sandblasting Co., 105 Conn. 640, 643
(1927).
In Alliance the party defendant is misdescribed in the writ as "The Alliance Sandblasting Company a corporation of New York having an office and carrying on business in the City of Hartford." The proper defendant should have been "Julius CT Page 5252 Goldman doing business under the trade name of The Alliance Sandblasting Company." The trial court, when faced with the mistake, permitted the error to be cured by amendment. The Supreme Court held that such an amendment did not constitute a substitution of parties and indicated that any garnishment made under the direction contained in the original writ was not affected by the change of name. The record did now show that the garnishee or anyone else had been misled or prejudiced by the mistake. World Fire authorizes a corporate entity initially named as a defendant to be amended to an individual entity under a trade name as a proper defendant.
The notice to quit in this case contained the designation of a defendant as a trade name when in fact a corporation was actually the proper party. The court believes that World Fire Marine Insurance Company v. Alliance SandBlasting Co., is controlling.
The defendant cites Rockford v. Martin, H-546, March 21, 1984 (Aronson, J.), 1984 W.L. 255633 in support of its argument that the naming of the wrong person in a notice to quit deprives the court of subject matter jurisdiction. In Rockford the notice to quit named "John Doe, Jane Doe and all other occupants claiming possession through them or on their own." The complaint named Jerome Martin and Glenary Martin as the defendants. In 1984 Connecticut did not permit fictious person lawsuits. The motion to dismiss was granted. "John Doe, Jane Doe or some other alias which reasonably characterizes the person to be served" was added to the notice to quit statute in 1987. Connecticut General Statutes § 47a-23(b); P.A. 87-507.Rockford does not support the defendant's position and in effect strengthens the viability of the plaintiff's notice to quit.
The defendant has failed to show on the record any prejudice or injury by reason of the plaintiff's incorrect use of the exact name and entity of the defendant. The defendants Motion to Dismiss is a "hypertechnical dissection of the wording" of the notice to quit.
The Motion to Dismiss is denied as to all three grounds.
BY THE COURT,
KEVIN TIERNEY, JUDGE
CT Page 5252-A