[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action. On September 26, 1998, the plaintiff caused a pretermination notice to be served on the defendants, pursuant to General Statutes § 47a-15. On October 21, 1997, the plaintiff caused a notice to quit to be served on the defendants. On November 14, 1997, the plaintiff commenced this action, which was returnable to the court on November 26, 1997. The defendants appeared by counsel on December 1, 1997. The case has now been pending for six months.
The defendants have filed a second motion to dismiss alleging that the October 21, 1997 notice to quit has become equivocal by virtue of the certain language in a letter, dated April 1, 1998, sent to the named defendant by the plaintiff's property manager. The text of the letter follows with the material language italicized.
Dear ANITA WILSON:
 The Department of Housing and Urban Development (HUD) requires that we periodically review your income and family composition to determine if you are still eligible to receive housing assistance.
 To complete our review of your income and family composition, you must meet with the person above at the place indicated above and supply the required information. S/he will be available for recertification interviews during the times indicated above.
 Please contact this person as soon as possible and set up an appointment.
 To help us on processing your recertification, please bring the information listed on the attached sheet with you to the interview.
 If you do not submit your recertification information by the Submission Date above, your lease gives us the right to raise your rent.
CT Page 4334
Sincerely
 s/ ASSISTANT PROPERTY MANAGER
(Emphasis added.)
Where, as here, there has been a lease between the parties, a summary process action cannot be brought until and unless that lease has been terminated. "Although many unequivocal acts may be sufficient to terminate all rights arising under a lease, the only foundation for a summary process action is a notice to quit." Bridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 583, 548 A.2d 744 (1988). Even in cases where there has never been a lease between the parties, a valid notice to quit is a statutory prerequisite to a summary process action. General Statutes § 47a-23. "A notice to quit may serve several functions: (1) as an unequivocal manifestation by the lessor that he terminates the rental agreement; BushnellPlaza Development Corporation v. Fazzano, 38 Conn. Sup. 683,686, 460 A.2d 1311 (1983); (2) as an indication that any holding over by the tenant after the expiration of the monthly tenancy will not be acquiesced in by the lessor; Welk v.Bidwell, 136 Conn. 603, 607-608, 73 A.2d 295 (1950); and (3) as compliance with the statutory requirement that a period of eight days pass between the termination of the agreement and the bringing of a summary process action. General Statutes §47a-23a. . . ." Messinger v. Laudano, 4 Conn. App. 162,163, 493 A.2d 255 (1985).
The last of these three functions could not logically be affected by the April 1, 1998 letter. Moreover, given the temporal distance between the October 21, 1997 notice to quit and the April 1, 1998 letter, the contentious and protracted litigation that has ensued,[1] and the indeterminate language in the April 1, 1998 letter itself, a reasonable person could not doubt that the rental agreement has been — and remains — terminated, nor doubt that the lessor does not acquiesce in any holding over by the defendants. For this reason, the motion to dismiss is denied.
BY THE COURT
____________________________ CT Page 4335 Bruce L. Levin Judge of the Superior Court