[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this summary process action the plaintiff seeks to recover from the defendant possession of commercial premises located at CT Page 1804 976 Silas Deane Highway in Wethersfield, Connecticut.
The following facts are undisputed: The plaintiff, as lessor, and the defendant, as lessee, entered into a written month-to-month lease dated March 5, 1998 (hereafter "Lease"), for the use and occupancy of property located at 976 Silas Deane Highway, Wethersfield, Connecticut. The Lease provides that "Tenant will pay . . . Basic Rent" monthly in the amount of $1500.00 for the months of March and April and thereafter monthly in the amount of $2000.00. In addition to the Basic Rent, the defendant agreed to pay a percentage of real property taxes and for insurance. Section 2.1 of the Lease provides, "Additional Rent. Any and all payments by the tenant under this Lease shall be deemed rent and the Landlord reserves the same rights and remedies against the Tenant for default in Making any such payments as the Landlord shall have for default in the payment of Basic Rent. . . ." Finally, the Lease provides in Section 1.3, "The term of this month-to-month lease. . . . shall terminate at 11:59 p. m. on the last day of the month that is not less than thirty (30) days after Landlord or Tenant shall notify the other of their election to so terminate this Lease." By certified mail dated August 7, 1998, the plaintiff provided notice pursuant to Section 1.3 of the Lease that "the lease is terminated effective September 30, 1998." On August 20, 1998, the plaintiff caused a Notice to Quit to be served on the defendant to quit possession of the premises on or before September 30, 1998. The notice to quit states the following reasons: "1. Nonpayment of Rent, or 2. No right or privilege to occupy the premises; or 3. Right or privilege to occupy the premises has terminated."
In Count One of the First Amended Revised Complaint dated January 15, 1999, the plaintiff alleges nonpayment of rent for the month of August 1998, including taxes and insurance charges of April 1, 1998, April 7, 1998 and July 1, 1998. In Count Two, the plaintiff alleges that any right or privilege the defendant may have had to occupy the premises has terminated. The defendant has denied the allegations of nonpayment and termination of its right or privilege to occupy; the defendant has asserted the following special defenses: 1) rent for August was tendered or paid pursuant to a written modification of the lease; 2) the plaintiff failed to comply with General Statutes § 47a-15; 3) estoppel and 4) equitable relief from forfeiture.
A. COUNT TWO: The court first addresses Count Two because the court notes a lack of jurisdiction. In Count Two, the plaintiff CT Page 1805 proceeds on the ground that the defendant's right or privilege to occupy the premises has terminated, in its letter to the defendant dated August 7, 1998, the plaintiff gave notice of its election to terminate the Lease as of September 30. 1998. Thus, when Notice to Quit was served on August 20, 1998, the Lease had not yet terminated, and the ground stated in the notice ("Right or privilege to occupy the premises has terminated") was premature, incorrect and not valid. It is axiomatic that proper Notice to Quit is a jurisdictional prerequisite to a summary process action. Without a valid notice to quit, there can be no foundation for a summary process action. Sandrew v. Pequot Drug,Inc., 4 Conn. App. 627 (1985). As to Count Two, there is no proper Notice to Quit.
Accordingly, the court dismisses Count Two, sua sponte.
B. COUNT ONE: In the first count, the plaintiff alleges nonpayment of rent including nonpayment of taxes and insurance charges of April 1, 1998, April 7, 1998 and July 1, 1998.
1. Nonpayment of taxes and insurance. Payments required of the defendant in addition to the Basic monthly rent are "deemed rent" in Section 2.1 of the Lease. Section 2.10 further provides that "Landlord reserves the same rights and remedies against the Tenant for default in making any such payments as the Landlord shall have for default in the payment of Basic Rent." In April 1998, the plaintiff issued an invoice to the defendant for its share of insurance and taxes on the List of 1996 and insurance. Given that the Lease, by its own terms, is a month-to-month lease and that the taxes and insurance payments due in April are deemed rent, the plaintiff cannot pursue or prevail on a claim for nonpayment of rent in April 1998, based on a notice to quit served in August 1998. See, Bridgeport v. Barbour-DanielElectronics, Inc., 16 Conn. App. 574 (1988), cert. den209 Conn. 826 (1988). (a notice to quit served (in a prior case) in May but based upon an April nonpayment of rent, was defective and could not have been a proper basis for a summary process action.);Messinger v. Laudano, 4 Conn. App. 162 (1985) cert. den196 Conn. 812 (1985) (acknowledging that a notice to quit based on nonpayment of rent in a month-to-month tenancy must be served in the month of nonpayment to be effective)[1]; Goldberg v.Rodriguez, 40 Conn. Sup. 4, 5 (1982). By the same reasoning, the plaintiff's claim of nonpayment of a tax invoice dated July 1, 1998, must fail because the notice to quit was served in August 1998. To be effective, a notice to quit in the instance of a CT Page 1806 commercial lease must be served in the month of nonpayment.Messinger v. Laudano, supra.
Moreover, the July invoice for taxes contains the notation "7-1-98 — 6-30-99" but does not indicate a payment date. Section 2.3 of the Lease provides, "Should any tax or special assessment be payable in installments, the Tenant will have the right to pay such taxes or special assessments in such installments, provided that the Tenant makes all such payments falling due during the term of this Lease or any extension thereof when due and pays all interest imposed resulting from such installment payments." There was no evidence as to when the tax shown on the July invoice, or any installment, was due. The plaintiff did not sustain its burden to prove that the defendant defaulted in the payment of that tax.
2. Nonpayment of Basic Rent: The plaintiff also claims that the defendant did not pay August rent in the amount of $2000.00. Based on the evidence adduced at trial, including the testimony of the defendant and the documentary evidence, I find that Sam Sobol, on behalf of the plaintiff. Sobol Family Enterprises, agreed, in writing, orally, and by conduct, to continue to accept rental payments in the amount of $1500.00 from the defendant after April, rather than $2000.00 as called for in the Lease, until he "takes care" of items inside and outside of the premises. Such items included the heat and hot water system, and lighting. I further find that the defendant tendered $1500.00 in August prior to service of the Notice to Quit on August 20, 1998.
Judgment may enter for the Defendant on Count One.
TANZER, J.